UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER EVANS,

        Plaintiff,

                              CASE NO. 17-CV-11770
v.                                  HON. GEORGE CARAM STEEH

THE BANK OF NEW YORK
MELLON f/k/a THE BANK OF
NEW YORK AS TRUSTEE
FOR FIRST HORIZON
ALTERNATIVE MORTGAGE
SECURITIES TRUST 2004-
AA7, and NATIONSTAR
MORTGAGE LLC,

        Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 7)**

This case stems from the foreclosure-by-advertisement of plaintiff Jennifer Evan's home in Wayne, Michigan, which took place on October 27, 2016. Evans filed a three-count Complaint in Wayne County Circuit Court seeking to set aside the sheriff's sale and money damages for (1) fraud and false pretenses, (2) negligent misrepresentation, and (3) fraud and misrepresentation. Defendants, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA7 ("BONY") and Nationstar Mortgage LLC

- 1 -

("Nationstar") filed a motion to dismiss. The court set a briefing schedule and advised the parties that it would decide the motion based on the written submissions without oral argument pursuant to Local Rule 7.1(f)(2). Evans' response brief was due on August 28, 2017. Evans has not responded to Defendants' motion to dismiss and the time period for doing so has expired. For the reasons set forth below, Defendants' motion to dismiss shall be granted.

## I. Background

On April 24, 2003, Evans accepted a mortgage loan for $98,400 from First Horizon Home Loan Corporation and her promise to repay the loan is evidenced by a promissory note ("Note.") The Note was secured by a mortgage on the real property located at 5313 Newberry Street in Wayne, Michigan. On September 22, 2016, the mortgage was assigned to Defendant BONY. Nationstar is the current servicer of the mortgage. Evans defaulted on the mortgage by failing to make payments when due. Evans alleges that she sought a loan modification in the beginning of 2016, but was advised by a Nationstar loan specialist, Daniel Gallegos, that in order to qualify for a loan modification she needed to be in default on her mortgage. Based on this advice, she missed a mortgage payment and sought a loan modification. Evans alleges that Gallegos instructed her not

to make any further mortgage payments while her loan modification application was being processed.

On April 14, 2016, Gallegos mailed Evans a letter congratulating her for being approved for a loan modification. However, the loan modification actually increased her monthly payment by $200. Evans contacted Gallegos who allegedly told her that since there had been an input mistake, she should reapply for another loan modification and should not make any payments during the review period. Nationstar mailed Evans a letter dated August 15, 2016, advising her that she was approved for a trial modification plan, at a monthly payment of $663.21, with the first payment due on September 1, 2016. Evans alleges that she did not receive the letter until September 14, 2016. Evans attempted without success to reach Gallegos, possibly because he had left Nationstar or had been reassigned.

Evans spoke with other Nationstar representatives who told her that she needed to reinstate her mortgage loan, which was in excess of $7,000, or her property would be referred to a foreclosure sale. Evans lacked the financial wherewithal to reinstate her mortgage. On October 27, 2016, Evans home was sold to BONY at a sheriff's sale for the amount of $98,510.22. The six-month redemption period expired on April 27, 2017.

On April 28, 2017, Evans then filed the instant lawsuit in Wayne County Circuit Court seeking to set aside the sheriff's sale which Defendants timely removed. In her Complaint, Evans alleges that Defendants defrauded her by (1) advising her that she would not qualify for a loan modification if she was current on her mortgage loan, (2) advising her not to make any mortgage payments during the nine months her loan modification request was under review, (3) offering her a loan modification that was higher than her original payment obligation, and (4) mailing her approval letter for reduced monthly loan payment after the first payment was due.

## II. Standard of Law

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

### III. Analysis

**A.  Standing**

Evans lacks standing to set aside the foreclosure. Michigan law grants a mortgagor of residential property a statutory redemption period of six months. Mich. Comp. Laws § 600.3240(1), (8). When the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. Mich. Comp. Laws § 600.3236. In this case, the redemption period expired on April 27, 2017. At that time, Evans' rights in the property were extinguished. Once the redemption period expires, the Michigan Court of Appeals has held that a plaintiff lacks

standing to bring a claim. *Bryan v. JP Morgan Chase Bank*, 304 Mich. App. 708, 713-15 (2014).

The Sixth Circuit, applying Michigan law, has held that once the redemption period has lapsed, in order to avoid dismissal, a plaintiff must come forward with a "'clear showing of fraud, or irregularity'" in the foreclosure proceedings. *Conlin v. Mortg. Elect. Registration Sys.*, 714 F.3d 355, 360 (6th Cir. 2013) (quoting *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009)). The alleged irregularity "must have occurred in the foreclosure process itself." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015). Here, Evans does not allege any irregularity in the foreclosure process itself but alleges fraud in the loan modification process. Such a claim is not cognizable. The Sixth Circuit has squarely held that "[a]n alleged irregularity in the loan modification process, however, does not constitute an irregularity in the foreclosure proceeding." *Id.; see Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012) ("Williams's claim of fraud relies on oral assurances during a negotiation to change the terms of the contract. Despite the fact that the negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself.").

In this case, all of Evans' fraud claims involve statements allegedly made during the loan modification process and are separate and distinct from any fraud or irregularity within the foreclosure process. Evans has not filed any response to Defendants' motion to dismiss, and has not set forth any allegations to support a finding of fraud in the sale process that has prejudiced her ability to maintain her interest in the property. As such, Evans' lacks standing to set aside the sheriff's sale, and her claim for injunctive relief is DISMISSED.

**B.     Statute of Frauds**

In addition to the fact that Evans' lacks standing for the injunctive relief she seeks, namely, to set aside the sheriff's sale, Evans' damages claims must also be dismissed. Evans seeks damages under theories of fraud and negligence arising out of Gallegos' alleged statements made during the processing of her loan modification application. These claims are barred by the statute of frauds and are not actionable. The Sixth Circuit has recognized that under Michigan law, a promise by a financial institution must be in writing to be enforceable. *Derbabian v. Bank of America, N.A.*, 587 F. App'x 949, 953 (6th Cir. 2014) (citing Mich. Comp. Laws § 566.132(2)). Specifically, Mich. Comp. Laws § 566.132(2) provides:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws Ann. § 566.132. Here, although Evans has attached copies of letters awarding her loan modifications, those letters do not set forth the allegedly fraudulent statements she attributes to Gallegos — that she did not need to make any mortgage payments during the nine months her loan modification application was pending. Evans also alleges she was defrauded because Defendants did not mail her second loan modification award to her until after the first payment was due, but even if true, this would not amount to actionable fraud or negligence either as a borrower is not entitled to a loan modification, and the law permits a lender to foreclose without granting a modification. *Campbell*, 611 F. App'x at 295.

Accordingly, Evans' fraud, negligent misrepresentation, and misrepresentation claims are DISMISSED.

**C.     False Pretenses**

Lastly, the court considers Evans' claim for false pretenses based on Mich. Comp. Laws § 125.1447(1).  Section 125.1447(1) is strictly a criminal statute which does not give rise to a private cause of action.  *See Epps v. 4 Quarters Restoration LLC,* 498 Mich. 518, 535 (2015); *Claire-Ann Co. v. Christenson & Christenson, Inc.*, 223 Mich. App. 25, 30-31 (1997).  Accordingly, her false pretenses claim is DISMISSED.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss (Doc. 7) is GRANTED and this action is DISMISSED.  No costs or attorney fees are awarded.

**IT IS SO ORDERED.**

Dated:  October 3, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 3, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk